## In re CROUTHAMEL POTATO CHIP COMPANY, Debtor.

### Bankruptcy No. 79–01939G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Dec. 4, 1984.

William J. Einhorn, Kent Cprek, Sagot & Jennings, Philadelphia, Pa., for claimant, International Association of Machinists and Aerospace Workers Local 1092 and Affected Employees.

Michael H. Reed, Barbara H. Sagar, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for trustee of Crouthamel Potato Chip Co., Eugene C. DiCerbo.

Eugene C. DiCerbo, West Chester, Pa., trustee.

Marvin Krasny, Adelman, Lavine, Krasny, Gold & Levin, Philadelphia, Pa., for debtor, Crouthamel Potato Chip Co.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The issue presented is whether we should grant a labor union's motion for reconsideration of our recent order denying priority status under 11 U.S.C. § 507(a)(1) and (a)(3) of the Bankruptcy Code ("the Code") for holiday pay for employees of a debtor on the contention that our order and supporting opinion are contrary to governing law in this circuit. For the reasons given below we find that our decision is in harmony with applicable authority and consequently we will deny the union's motion for reconsideration.

To the extent pertinent to the motion for reconsideration the facts of this case are as follows:[1] The debtor filed a petition for reorganization under chapter 11 of the Code on October 16, 1979, although the case was converted to a chapter 7 proceeding three years later. On the day of the

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

filing of the petition the debtor dismissed its employees who were then employed under a collective bargaining agreement. Under the agreement these workers were entitled to holiday pay for the Thanksgiving holiday of 1979 and the following Friday.[2] During the postpetition period the debtor did not assume the contract.

On behalf of the debtor's employees, the International Association of Machinists and Aerospace Workers Local 192 ("the Union"), filed a proof of claim for several thousand dollars in which it asserted that said claim was entitled to priority status. The trustee objected to the priority status of the claim. Since the holidays fell several weeks after the filing of the petition and since none of the debtor's employees at issue worked during the postpetition period, we held that the claim for holiday pay was not an administrative expense under § 507(a)(1) and that its employees had not "earned" the vacation pay within the meaning of § 507(a)(3). Under § 507(a)(3) "wages, salaries, or commissions, including vacation, severance and sick leave pay" are entitled to priority status only if they are "earned" within 90 days prior to the filing of the petition or the cessation of the debtor's business. Notwithstanding our determination that the vacation pay was not "earned," we found that the Union's claim was deemed *accrued* immediately prior to the filing of the petition. We then stated that "we need not address the question of whether the employees would be entitled to a priority for payment on the postpetition holiday if the employees had worked for the debtor immediately before and after the holiday at issue." 43 B.R. 934, at 936–37 (Bankr.E.D.Pa.1984).

The Union's challenge to our earlier order unfolds with its assertion that the "date a debt is 'earned' is determined, not by the Bankruptcy Code, but rather by the contract and law governing the debt itself. *In re Altair Airlines*, 727 F.2d 88, 90 (3d Cir.1984); *In re Schatz Federal Bearing Co., Inc.*, 5 B.R. 549, 553 (Bankr.S.D.N.Y. 1980)." The Union asserts that under the collective bargaining agreement quoted in part in footnote 2, *supra*, the vacation pay vested prior to the filing of the petition and thus was "earned" at that time since the employees at issue had worked within the requisite 45 days prior to the holiday. The *Schatz* case, cited by the Union, actually undercuts this position through the following language:

> [T]he parties to a contract cannot effectively bind the creditors and the estate as to what will constitute an administrative expense. As stated by the court in *United States v. Munro-Van Helms Company, Inc.*, 243 F.2d 10 (5th Cir.1957); page 12).
>
> "... the right to priority of payment results from the Act [now the Code] and cannot be enlarged by contract ...".
>
> The collective bargaining agreement creates the right to receive vacation pay and the Bankruptcy Code determines to what extent that right is to be treated as an administrative expense.

*Id.* *Altair*, the second case cited by the Union, is inapposite since it deals with the issue of whether a labor union is entitled to sit on a creditors' committee. In the third case cited by the Union, *In re Public Ledger, Inc.*, 161 F.2d 762 (3d Cir.1947), the pertinent question presented was whether the debtor's employees would receive priority status for vacation pay which accrued prior to the filing of the petition. Under the collective bargaining agreement an employee's entitlement to holiday pay was based on the amount of service performed by the employee during a period prior to the filing of the petition. Thus, the

---

2. In pertinent part the collective bargaining agreement stated as follows:

Holidays will be paid to employees laid off or on non-occupational sickness or disability absence, providing the employee had worked sometime within forty-five (45) working days prior to the holiday. Employees on occupational disability or occupational illness leave will be paid holiday [sic], should the holiday occur within twelve (12) pay months from date of such leave.

Article 9.8. Another provision stated that Thanksgiving and the following Friday were paid holidays.

amount of vacation pay was directly tied to the number of days of *actual* service the employee had devoted to the employer. In the case at bench the employees had not worked immediately before or after the holiday at issue and thus the holiday pay is not directly tied to the performance of any *actual* service by the employees. Consequently, *Public Ledger* is inapposite to the instant case.

Since none of the cases cited by the Union supports its position, we will enter an order denying its motion for reconsideration.