**In re CROUTHAMEL POTATO CHIP COMPANY, Debtor.**

**Bankruptcy No. 79–01939G.**

United States Bankruptcy Court, E.D. Pennsylvania.

Aug. 14, 1985.

William A. Einhorn, Kent Cprek, Sagot & Jennings, Philadelphia, Pa., for Intern. Ass'n of Machinists and Aerospace Workers Local 1092 and Affected Employees.

Michael H. Reed, Barbara H. Sagar, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for trustee Eugene C. DiCerbo.

Marvin Krasny, Adelman Lavine Krasny Gold & Levin, Philadelphia, Pa., for debtor Crouthamel Potato Chip Co.

Eugene C. DiCerbo, Melbourne, Fla., Trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

On remand from the district court for additional findings of fact, the question is whether holiday pay allowable under a pre-petition collective bargaining agreement is an administrative expense under 11 U.S.C. § 507(a)(1)[1] of the Bankruptcy Code ("the Code"). Based on our findings set forth below, we conclude that the holiday pay is not an administrative expense.

We summarize our findings of fact as follows:[2] The debtor filed a petition for reorganization under chapter 11 of the Code on October 16, 1979, although the case was converted to a chapter 7 proceeding three years later. On the day of the filing of the petition the debtor dismissed its employees who were then employed under a collective bargaining agreement. Under the agreement these workers were entitled to holiday pay for the Thanksgiving holiday of 1979 and the following day (Friday). During the postpetition period the debtor had not assumed the contract.

On behalf of the debtor's employees, the International Association of Machinists and Aerospace Workers Local 1092 ("the Union"), filed a proof of claim, totalling several thousand dollars for Thanksgiving Day and the following day, in which it asserted that said claim was entitled to priority status under 11 U.S.C. § 507(a)(1) and (a)(3). The trustee filed an objection to the priority status of the claim.

In our original decision on this issue, we held that the Union had standing to file a claim, but that the claim was not entitled to priority under either § 507(a)(1) or (a)(3). *In Re Crouthamel Potato Chip Co.,* 43 B.R. 934 (Bankr.E.D.Pa.1984). The Union moved for reconsideration but in a written opinion we concluded that the motion was meritless. *In Re Crouthamel Potato Chip Co.,* 44 B.R. 537 (Bankr.E.D.Pa.1984). The Union pressed its cause to the district court on appeal. That court upheld our determination that the Union's claim was not entitled to a priority under § 507(a)(3) but remanded the matter to us under § 507(a)(1), explaining as follows:

> Once the conclusion is reached that a claim does not fall within the explicitly listed category of wages for services rendered after the commencement of the case [under § 507(a)(3) ], it is still necessary to consider whether the claim would fit within the broader class of actual and necessary costs of preserving the estate. To make that determination, the court must consider (1) whether the claim is for costs incurred post-petition which were necessary for the preservation of the estate or provided some benefit to the estate and (2) whether the claim results from a transaction or relationship between the debtor-in-possession and the creditor as distinguished from expenses resulting solely from pre-petition relationships between the debtor and the creditor.

*In Re Crouthamel Potato Chip Co.,* 52 B.R. 960, 967 (E.D.Pa. 1985).

On remand we expressly find that: (1) the claim is not based on costs incurred postpetition which were necessary for the preservation of the estate nor is it based on

---

1. § 507. Priorities
   (a) The following expenses and claims have priority in the following order:
   (1) First, administrative expenses allowed under section 503(b) of this title, and any fees and charges assessed against the estate under chapter 123 of title 28.

       *    *    *    *    *    *

   (3) Third, allowed unsecured claims for wages, salaries, or commissions, including vacation, severance, and sick leave pay—

   (A) earned by an individual within 90 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first; but only
   (B) to the extent of $2,000 for each such individual.

       *    *    *    *    *    *

   11 U.S.C. § 507(a)(1) and (a)(3).

2. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

some benefit to the estate; and (2) the claim is predicated solely on the prepetition contractual relationship between the debtor and the Union. In light of these findings we once again conclude that the Union is not entitled to a priority position under § 507(a)(1).

We will accordingly enter an order sustaining the trustee's objection to the asserted priority of the Union's proof of claim.